OPINION
{¶ 1} On November 9, 2001, the Morrow County Grand Jury indicated appellant, Dawn April Fridley, on two counts of sexual battery in violation of R.C. 2907.03 and two counts of gross sexual imposition in violation of R.C. 2907.05. Said charge arose from incidents involving two juveniles, Michael Rivers and Aaron Neal.
 {¶ 2} A jury trial commenced on May 1, 2002. The jury found appellant guilty of sexual battery involving Aaron Neal, and not guilty of the remaining charges. A sexual offender classification hearing was held on July 12, 2002. By judgment entry filed same date, the trial court determined appellant to be a sexual predator. By judgment entry filed July 17, 2002, the trial court sentenced appellant to three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY REFUSING TO ALLOW INTO EVIDENCE THE ALLEGED VICTIMS' JUVENILE AND MCCAD RECORDS."
 II {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY THAT ANY ALLEGED PRIOR WRONGS ACTS OF APPELLANT SHOULD ONLY BE CONSIDERED FOR A LIMITED PURPOSE."
 III {¶ 6} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HER TRIAL COUNSEL'S FAILURE TO OBJECT TO INADMISSIBLE EVIDENCE, FAILURE TO REQUEST A LIMITING INSTRUCTION CONCERNING PRIOR EXTRINSIC ACTS AND FAILURE TO OBTAIN LENGTHY COUNSELING RECORDS OF THE ALLEGED VICTIMS PRIOR TO TRIAL."
 IV {¶ 7} "THE JURY'S GUILTY VERDICT OF SEXUAL BATTERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 V {¶ 8} "APPELLEE FAILED TO PRESENT CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 I {¶ 9} Appellant claims the trial court erred in denying the admission into evidence of the victims' juvenile records and records from the Morrow County Counsel on Alcohol and Drugs (hereinafter "MCCAD") wherein the victims were clients and appellant was an adolescent counselor. We disagree.
 {¶ 10} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 11} As noted in the record, defense counsel received the victims' actual MCCAD records after the trial commenced. The victims were recalled as witnesses to afford defense counsel the opportunity to cross-examine them on inconsistencies between their testimonies and the records.
 {¶ 12} From our review of the record, defense counsel clearly was afforded the opportunity to cross-examine the victims on their respective specific statements that were inconsistent with the records. T. at 593-600, 604-613. Defense counsel was also permitted to question Mr. Rivers's counselor regarding Mr. Rivers's inconsistent testimony. T. at 629-630.
 {¶ 13} Appellant argues the victims' credibility should have been challenged by specific references to their juvenile records. Based upon the foregoing, the jury clearly was given the victims' records via their cross-examination. At the outset of the trial, the trial court followed Evid.R. 609 as to juvenile adjudications, but left the door open to the use of those records during trial. T. at 8.
 {¶ 14} Upon review of the record as a whole, we find the trial court did not prejudice or limit the cross-examination of the victims and in fact, their juvenile records were clearly put before the jury as an aid in testing their testimonies for truthfulness.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court committed plain error in failing to instruct the jury that any alleged prior wrongs or acts by the defendant should only be considered for limited purposes. We disagree.
 {¶ 17} Appellant claims a cautionary instruction on prior acts should have been given as a result of the testimony of John Arthur. Mr. Arthur testified when he was at MCCAD for counseling, appellant commented to him that she "heard that latins have big dicks." T. at 300. Mr. Arthur only testified to this incident. He was not called as a witness for any other reason.
 {¶ 18} In State v. Schaim (1992), 65 Ohio St.3d 51, the Supreme Court of Ohio held a trial court's failure to give a limiting instruction on "other acts," if not requested by defense counsel, is not plain error. The court held the following at fn. 9:
 {¶ 19} "The defendant also claims that it was plain error for the trial court to fail to give a limiting instruction on the use of other acts evidence, even though it was not requested by the attorney. We decline to adopt this position, as the decision not to request a limiting instruction is sometimes a tactical one, and we do not wish to impose a duty on the trial courts to read this instruction when it is not requested. * * *"
 {¶ 20} Based upon Schaim, we find no plain error.
 {¶ 21} Assignment of Error II is denied.
 III {¶ 22} Appellant claims he was denied the effective assistance of trial counsel for failing to object to Mr. Arthur's testimony, failing to object to Mr. Neal's redirect testimony, failing to request a limiting instruction on "other acts" and failing to obtain the victims' MCCAD records prior to trial. We disagree.
 {¶ 23} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 24} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 25} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 26} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380,388.
 MR. ARTHUR'S TESTIMONY AND LIMITING INSTRUCTION {¶ 27} As stated in the previous assignment of error, Mr. Arthur, a juvenile client at MCCAD, testified appellant inquired if he was Latino because she "heard that latins have big dicks." T. at 300. Clearly the state was seeking to establish appellant's sexual advances to her clients and that her acts were not by accident or mistake.[1]
 {¶ 28} Evid.R. 404(B) permits "other acts" testimony to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Given appellant's defense to the case, we find the limited testimony by Mr. Arthur was relevant and admissible pursuant to Evid.R. 404(B).
 {¶ 29} As for the limiting instruction, given the very limited testimony of Mr. Arthur and the scope of his cross-examination, wherein defense counsel established an association between Mr. Arthur and the victims thereby supporting a conspiracy theory to "take the Morrow County Court down" (T. at 788), we find the failure to request a limiting instruction could be characterized as trial strategy. Not re-emphasizing already discredited testimony was understandably trial strategy.
 {¶ 30} Even if the failure to request a limiting instruction rose to the level of deficient trial representation, Mr. Arthur's credibility was effectively challenged and there is no evidence to suggest a limiting instruction would have affected the outcome of the trial.
 MR. NEAL'S TESTIMONY {¶ 31} Appellant claims her trial counsel failed to object to redirect testimony provided by Mr. Neal regarding an additional uncharged incident of gross sexual imposition.
 {¶ 32} We note defense counsel objected to the testimony. T. at 438. Because the side bar conference was not transcribed, we are unable to determine the basis of the objection or the trial court's reasoning.
 {¶ 33} Because an objection was made, we find no deficiency in defense counsel's performance.
 MCCAD RECORDS {¶ 34} Appellant claims her trial counsel failed to utilize Crim.R. 17(C) to obtain the MCCAD records prior to trial.
 {¶ 35} It is apparent from the record that defense counsel received the records and conducted effective cross-examinations of the juveniles. See, Assignment of Error I. There is no proof that the cross-examinations would have been any more thorough or effective given extra time.
 {¶ 36} Upon review, we find no ineffective assistance of counsel regarding these issues.
 {¶ 37} Assignment of Error III is denied.
 IV {¶ 38} Appellant claims her conviction for sexual battery against Mr. Neal was against the manifest weight of the evidence. We disagree.
 {¶ 39} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 40} Appellant claims the jury settled for a compromise verdict because the jury found appellant guilty of only one count of sexual battery involving Mr. Neal (oral sex) and rejected the counts of gross sexual imposition involving the same juvenile and the sexual battery count involving Mr. Rivers. Appellant's Brief at 20-21.
 {¶ 41} As for the count involving Mr. Rivers, his evasiveness and lack of credibility were apparent in his testimony (T. at 604-613), and a jury could have rejected all of his testimony.
 {¶ 42} Appellant was convicted of sexual battery in violation of R.C. 2907.03(A)(9) which states as follows:
 {¶ 43} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 {¶ 44} "(9) The other person is a minor, and the offender is the other person's athletic or other type of coach, is the other person's instructor, is the leader of a scouting troop of which the other person is a member, or is a person with temporary or occasional disciplinary control over the other person."
 {¶ 45} "Sexual conduct" is defined in R.C. 2907.01(A) as follows:
 {¶ 46} "`Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 47} In order to establish the offense of sexual battery, the state had to prove sexual conduct occurred and appellant had temporary or occasional disciplinary control over Mr. Neal. In order to establish gross sexual imposition, the state had to prove force. It is very possible that the jury believed the facts surrounding the gross sexual imposition counts, but did not find sufficient proof of force to find appellant guilty.
 {¶ 48} As for the sexual battery count involving Mr. Neal, Mr. Neal testified appellant touched his penis on the outside of his pants and then performed oral sex on him. T. at 394-396. Appellant admitted to be in a position of authority over her clients, including Mr. Neal. T. at 717-719.
 {¶ 49} Given the evidence, we do not find the jury compromised its verdict nor lost its way.
 {¶ 50} Assignment of Error IV is denied.
 V {¶ 51} Appellant claims the trial court erred in classifying her as a sexual predator. We disagree.
 {¶ 52} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279: a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 53} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 54} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 55} "(a) The offender's or delinquent child's age;
 {¶ 56} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 57} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 58} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 59} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 60} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 61} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 62} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 63} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 64} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 65} Appellant argues the trial court erred in not receiving evidence at the sexual predator hearing. In support, appellant cites the case of State v Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247, wherein the Supreme Court of Ohio set forth the following objectives regarding classification hearings:
 {¶ 66} "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * *
 {¶ 67} "Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. * * *
 {¶ 68} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. * * *"
 {¶ 69} Appellant claims no record was created for review because the presentence report was not made a part of the record, no expert testimony was presented and the trial court did not fully explain the evidence and factors upon which it relied upon.
 {¶ 70} We note during the classification hearing, the trial court asked "[i]s there anything further either party wishes to present by way of evidence?" July 12, 2002 T. at 7. Neither party requested an opportunity to present additional evidence. Id. at 8. In addition, neither party sought to make the presentence report a part of the record.
 {¶ 71} During the classification hearing, the prosecutor identified portions of the evidence "that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses." Id. at 4-6. The trial court had just heard the extensive trial testimony and concluded that appellant "had some sort of fixation on younger boys and teenagers in the area of 15, 16, 17 years old." Id. at 8. The trial court found appellant had a pattern of behavior that was "predatory in nature." Id. at 9.
 {¶ 72} Given the evidence presented during the trial, the prosecutor's statements during the classification hearing, appellant's fixation on teenage boys and the use of her counselor/client relationship to achieve her desired ends, we find the trial court was correct in assessing appellant to be a sexual predator.
 {¶ 73} Upon review, we find the trial court's conclusion is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 74} Assignment of Error V is denied.
 {¶ 75} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J., and Boggins, J. concurs.
[1] Defense counsel argued appellant likes to "hug" and is an affectionate person and her "hugs" were misinterpreted. T. at 638-639, 642.